Brassard, J.
This is a petition for habeas corpus filed in September 1996 pursuant to G.L.c. 123, §20. A hearing was conducted by the Court on September 19, 1996.
FINDINGS OF FACTS
Petitioner Ricardo Montes (“Montes”) is a thirty-eight year old man who was arrested in the State of New York on June 26, 1992. He was charged with the crime of arson in the second degree and reckless endangerment after setting fire to a building. It was alleged that Montes was intoxicated when he set the building on fire and then proceeded to dance, undressed, in front of the fire. Following a trial in New York he was found not responsible by reason of mental disease or defect. Pursuant to New York Criminal Procedure Law 330.20 (procedure following verdict or plea of not responsible by reason of mental disease or defect), Montes was thereafter civilly committed. Proper commitment in New York requires first, a commitment order not to exceed six months issued from a court of proper jurisdiction. C.P.L. 330.20(l)(f) and (7). Second, thirty days prior to the expiration of the commitment order, the commissioner of mental health must petition the court for a first retention order for a period not to exceed one year. C.P.L. 330.20(l)(g) and (8). Subsequent retention orders may be issued for two year periods. C.P.L. 330.20(l)(h) and (9).
On March 14, 1994, Montes was committed to the care and custody of the New York Commissioner of Mental Health and sent to Mid-Hudson Psychiatric Center, a secure psychiatric facility, on a six month commitment order, pursuant to New York Criminal Procedure Law §330.20. On October 5, 1994, Montes was transferred to Bronx Psychiatric Center (“BPC”), still as a CPL §330.20 patient. His diagnoses were psychotic disorder, alcohol abuse and antisocial personality disorder. In December 1995 Montes had earned the privilege of leaving hospital grounds without need for staff escort.
In February 1996, BPC applied to the New York Supreme Court, Bronx County, for continued commitment and retention of Montes. The hearing did not proceed because Montes escaped on March 8, 1996, prior to the hearing date. Montes had left the Bronx Psychiatric Center unescorted and with staff permission on an approved day pass. He became an escapee since he failed to return to the facility.
A warrant was issued with the 49th Precinct of the Bronx County Police Department, requesting that *673 Montes be returned to BPC. He is currently on escape status at BPC and the hospital is seeking recommitment of Montes to BPC.
Montes traveled to the Commonwealth of Massachusetts to be with his family in Lawrence, Massachusetts. He lived there from March through August 1996 and began to receive inpatient treatment at the Tewksbury State Hospital for the mentally ill on August 20, 1996. He was discharged from that facility on September 10, 1996.
In March 1996, the Bronx County Police Department issued a warrant for Montes’ arrest. Pursuant to the Interstate Compact on Mental Health, the Governor of the State of New York requested the assistance of the Commonwealth of Massachusetts to execute the warrant and return Montes to New York. G.L.c. 123 App. §1-1.
Montes has filed a petition for Writ of Habeas Corpus seeking to quash the warrant issued by the Governor of the Commonwealth of Massachusetts ordering his return to the State of New York on the grounds that he is no longer “dangerous.” Montes further argues that the warrant issued by Massachusetts is invalid and unenforceable since Montes was retained at the BPC since October 1995 without the benefit of a timely retention order.
For the following reasons, petitioner’s motion for summary judgment is DENIED. The Commonwealth’s Motion to Dismiss petition for Writ of Habeas Corpus is ALLOWED.
RULINGS OF LAW
Summary Judgment Standard
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Natal Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts ..." LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
Executive Role
Massachusetts General Laws, c. 123, §20 provides that;
(a) The governor may upon demand deliver to the executive of any other state any person who has escaped from an institution for the mentally ill to which he has been committed under the laws of such state, and who maybe dangerous to the safety of the public . . . Such demand or application shall be accompanied by an attested copy of the commitment and sworn evidence of the superintendent or manager of the institution stating that the person demanded has escaped from such institution . . .
(b) If the governor is satisfied that the demand made upon him . . . conforms to law and ought to be complied with, he shall issue his warrant under the seal- of the commonwealth to an officer authorized to serve warrants in criminal cases . . .
G.L.c. 123, §20 (1994 ed.) (extradition of mental institution escapees).
In the present case, J find that the request sent by New York officials to the Governor of the Commonwealth meets the statutory requirement of a commitment order and sworn evidence of possible danger to the safely of the public. Evidence included an affidavit from the Director of the Bronx Psychiatric Center, Dr. Jeff Lucey (“Lucey”), and a letter from Richard Miraglia (“Miraglia”), of the New York Mental Health Institution.. Lucey stated that Montes was an escapee from a New York Mental Health institution and that he was diagnosed as having a “psychotic disorder” and “antisocial personality disorder.” Miraglia’s letter stated that Montes “poses a potential risk to the safely and welfare of others.” (Letter to Mr. Lester Blumberg, Assistant General Counsel, Dept, of Mental Health, Tewksbury, MA, August 16, 1996.)
In Massachusetts, ”[o]nce the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the [receiving] state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.” David Francis Gay, 406 Mass. 471, 475 (1990), quoting Michigan v. Doran, 439 U.S. 282, 289 (1978). In Gay, the SJC determined that the petitioner remained a fugitive from the receiving state’s law even though the receiving state had violated the Interstate Agreement on Detainers by not disposing of his pending burglary charge within the required 180 days. Gay, supra at 476.
The holding in Gay is good authority for the conclusion that the Governor’s issuance of the warrant in *674 this case was properly a summary executive proceeding consistent with the comity and full faith and credit to which the state of New York is entitled under the Interstate Compact on Mental Health. The warrant constitutes prima facie evidence that all applicable statutory prerequisites have been met. Gay, 406 Mass. at 474. This Court concludes that in order for petitioner to refute this showing, petitioner must produce “clear and satisfactory” evidence that he has not in fact been “substantially charged” with a violation of the receiving state’s law.
In the present case, I find that the extradition papers were in order when presented to the Governor of the Commonwealth, and I find that the Governor and his representatives could reasonably conclude that the petitioner had escaped from an institution to which he had been committed under the laws of New York, and that the petitioner may be dangerous to the public.
Although all of the documentation offered into evidence before this Court was not presented to the Governor, I find that sufficient documentation and other evidence was communicated to the Governor and his representatives such that the Governor properly issued the warrant under Section 20.
Whether or not the petitioner presents a danger to himself or others is not an issue for this Court to adjudicate because that issue has been determined for purposes of this habeas corpus proceeding by the Governor’s executive order pursuant to Section 20(a) and (b).
ORDER
For the foregoing reasons it is ORDERED that petitioner’s Motion for Summary Judgment be DENIED. Summary judgment shall enter in favor of the Commonwealth, and the petition for writ of habeas corpus is DISMISSED.